IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA SUE KEMPSON and CHRISTOPHER L. KEMPSON,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **AMERICAN HONDA MOTOR COMPANY,** : <br> : <br> **Defendant** : | No. 1:09-CV-0118 <br><br> **JUDGE SYLVIA H. RAMBO** |

# **M E M O R A N D U M**

Before the court is Defendant's motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiffs' claims arise out of an automobile accident in which Plaintiffs were severely injured. The court will grant in part and deny in part Defendant's motion.

## **I.      Background: Facts[1] and Procedural History**

Plaintiffs seek damages based on injuries sustained in a automobile accident. On November 4, 2006, late in the morning, Plaintiff Debra Kempson was involved in a collision while driving a 2006 Honda Odyssey owned by Plaintiffs. (Doc. 1 ¶ 5.) The front of Kempson's car collided with the left rear quadrant of another vehicle, yet, according to Plaintiffs, the car's front airbags failed to deploy and the front driver's side seatbelt restraint malfunctioned. (*Id.*) Plaintiffs allege that these defects caused "permanent and severe personal injury." (*Id.*)

---

[1] The court accepts the facts alleged in Plaintiffs' complaint as true for the purpose of ruling on Defendant's motion to dismiss.

Plaintiffs, acting *pro se,* filed suit on November 5, 2008 in the Court of Common Pleas of York County, Pennsylvania based on theories sounding in negligence and products liability.  (*See* Doc. 2 Ex. A.)  Plaintiffs seek actual as well as punitive damages.  (*Id.*)  Defendant removed the case to federal court on January 20, 2009, based on diversity and an amount in controversy exceeding $75,000.  (*See* Doc. 1.)  It filed a motion to dismiss and supporting documents on January 26, 2009, arguing that the statute of limitation barred Plaintiffs' claims or, in the alternative, Plaintiffs failed to adequately allege negligence, products liability, and fraud claims.  (Doc. 2.)  Plaintiffs filed a brief in opposition on February 12, 2009.  (Doc. 5.)  No reply brief was filed.  Accordingly, the motion is now ripe for disposition.

## II.        **Legal Standard**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Fair notice under Rule 8(a)(2) depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief . . . ."  *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (internal quotation marks omitted).  "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Id.*  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief.  *Twombly*, 127 S. Ct. at 1965; *see also Baraka v. McGreevey*, 481 F.3d 187,

195 (3d Cir. 2007) (finding that courts are not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation") (internal quotation marks and citations omitted); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

A defendant may attack a complaint by a motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), federal courts "are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to plaintiff." *Evancho*, 423 F.3d at 350. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to

the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (emphasis in original) (internal quotation marks omitted). The court, however, may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

### III. Discussion

Defendant suggests several reasons for dismissing Plaintiffs' complaint. First, it argues that, under Pennsylvania law, the statute of limitations bars Plaintiffs claims. Second, it argues that Plaintiffs have failed to state claims "of Crashworthiness or Second Collision." Third, it argues that Plaintiffs have "failed to state a claim for punitive damages." Fourth, it argues that no claim for "gross negligence" exists under Pennsylvania state law. Last, it argues that Plaintiffs have failed to plead fraud with particularity. The court will review each of these arguments in turn.

#### A. Statute of Limitations

Defendant argues that Plaintiffs filed their complaint one day after the expiration of the statute of limitations for their claims. As a general rule, "a plaintiff must bring a claim before the applicable statute of limitations expires." *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 149 (3d Cir. 1998). Federal courts sitting in diversity cases must apply the substantive laws of the states in which they sit, and courts consider statutes of limitation substantive. *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985). Under Pennsylvania law, the statute

of limitations for Plaintiffs' claims is two years. *See* 42 Pa. Cons. Stat. Ann. §§ 5524(2), (7). "A claim under Pennsylvania law accrues at 'the occurrence of the final significant event necessary to make the claim suable [sic].' " *Barnes*, 161 F.3d at 152 (quoting *Mack Trucks, Inc. v. Bendix-Westinghouse Auto. Air Brake Co.*, 372 F.23d 18, 20 (3d Cir. 1966)). Generally, "a cause of action accrues when a plaintiff has suffered an injury" and the actor has become aware of "a casual relationship between the injury and the actor." *Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 513 n.15 (3d Cir. 2006); *Mest v. Cabot Corp.*, 449 F.3d 502, 510 (3d Cir. 2006). Most claims sounding in tort, including negligence and products liability claims, "accrue when the injury is sustained." *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991). An exception applies when a plaintiff alleges fraud: "the statute begins to run on discovery of the wrong or of facts that reasonably should lead the plaintiff to inquire into the fraud." *Id*.

While the court and both parties agree that the claims alleged accrued on November 4, 2006, Defendant incorrectly argues that the statute of limitations bars Plaintiffs' claims because they filed the suit one day late, on November 5, 2008. In calculating dates for the purpose of determining a limitations period, Pennsylvania law provides that "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from computation." Pa. R. Civ. P. 106. November 4, 2008 was an election day, a holiday observed by the York County Common Pleas. Accordingly, that day is omitted from computation, and Plaintiffs' complaint was timely filed on November 5, 2008.

### B.     Crashworthiness

Defendant argues that to the extent that Plaintiffs have alleged negligence and products liability claims, the crashworthiness doctrine glosses the claims, and Plaintiffs have failed to allege claims under the crashworthiness doctrine. As the Pennsylvania Superior Court has explained:

> The crashworthiness doctrine is merely a subset of a products liability action . . . and usually arises in the context of a vehicular accident. The crashworthiness doctrine provides that a manufacturer/seller is liable in situations in which the defect did not cause the accident or initial impact, but rather increased the severity of the injury over that which would have occurred absent the design defect.

*Kupetz v. Deere & Co., Inc.*, 644 A.2d 1213, 1218 (Pa. Super. Ct. 1994) (citations and internal quotation marks omitted).

The Third Circuit has clarified the distinction:

> A product's liability cause of action in Pennsylvania has three requirements; it must be shown that: (1) the product was defective, (2) the defect existed while the product was in the control of the manufacturer, and (3) the defect was the proximate cause of the injuries. *Walton v. Avco Corp.*, 610 A.2d 454, 458–59 (Pa. 1992). The Superior Court in *Kupetz*, however, explained that to establish a cause of action on a crashworthiness theory, a subset of a products liability action, it must be shown: (1) that the design of the vehicle was defective; (2) that when the design was made, an alternative, safer design, *practicable under the circumstances* existed; (3) what injuries, if any, the plaintiff would have received had the alternative, safer design, been used; and (4) what injuries were attributable to the defective design.

*Habecker v. Clark Equip. Co.*, 36 F.3d 278, 284 (3d Cir. 1994) (emphasis in original). To state a negligence claim, a plaintiff must allege (1) a duty or obligation that requires the actor to conform to a certain standard of conduct, (2) a failure to conform to that standard, (3) a causal connection between the conduct and the resulting injury, and (4) actual loss or damages resulting to the interests of another. *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1366 (3d Cir. 1993).

Assuming the elements of a crashworthiness products liability claim—in addition to an ordinary negligence claim—apply, the court believes that

6

Plaintiffs have sufficiently alleged products liability and negligence claims so as to place Defendant on notice of the nature of the claims. Plaintiffs allege that the front airbags and seatbelt restraint were defectively designed. They further allege that Defendant became aware of this defect as indicated by a recall of models manufactured with a defective airbag sensor in August of 2005, but "overlooked" the defect and included the defective sensor in 2006 models. (Doc. 2 Ex. A ¶¶ 6–7.) Plaintiffs allege that they suffered serious injuries that could have been prevented if the airbags had deployed and the seatbelt functioned. (*Id.* Ex. A ¶ 15.) At the pleading stage, Plaintiffs need not establish elements of the products liability claim, but merely need to place Defendant on notice of the nature of the claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–512 (2002) (explaining that in "a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case"). These allegations place Defendant on notice of the nature of Plaintiffs' products liability and negligence claims.

### C.   Gross Negligence

The court will dismiss Plaintiffs' "gross negligence" claim because Pennsylvania does not recognize a claim for "gross negligence." *Ferrick Excavating & Grading Co. v. Senger Trucking Co.,* 484 A.2d 744, 744, 749 (Pa. 1984) (holding that while there are differing standards of care, Pennsylvania does not recognize "degrees of negligence" or a separate "gross negligence claim.")

### D.   Punitive Damages

Defendant argues that the court must not allow Plaintiffs to seek punitive damages because Plaintiffs have merely alleged simple negligence. Punitive damages are a remedy, not a cause of action. *Waltman v. Fahnestock & Co., Inc.*, 792 F. Supp. 31, 33 (E.D. Pa. 1992) (citing *Kirkbride v. Lisbon*

*Contractors, Inc.*, 555 A.2d 800, 802 (1989)).  Under Pennsylvania law, punitive damages serve "to deter and punish egregious behavior." *G.J.D. by G.J.D. v. Johnson*, 713 A.2d 1127, 1129 (Pa. 1998).  These damages fulfill a penal purpose, and courts will impose such punishment only for torts that a defendant commits willfully, maliciously, or so carelessly as to indicate wanton disregard of the rights of the party injured.  *Young v. Westfall*, No. 4:06-CV-2325, 2007 WL 6755182, at *2 (M.D. Pa. March 1, 2007) (citing *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005)).  Courts, however, will not award punitive damages for misconduct that amounts to "ordinary negligence such as inadvertence, mistake and errors of judgment." *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097 (Pa. 1985), *abrogated by Kirkbride*, 494 A.2d at 801–804.

Defendant's argument that Plaintiffs' "allegations establish simple negligence at most" misses the mark at this early stage in the litigation.  (*See* Doc. 3 at 11.)  While Plaintiffs have not established a basis for punitive damages, they have alleged that Defendant had knowledge of the defective airbags and seatbelt, yet carelessly released the automobile into the stream of commerce.  (*See* Doc. 2 Ex. A ¶¶ 6, 11.)  This places Defendant on notice regarding why Plaintiffs seek punitive damages, and the court need not inquire any further in order to rule on the motion to dismiss.

### E.     Fraud

Defendant seeks dismissal of Plaintiffs' fraud claims, arguing that they have failed to plead with particularity.  Rule 9(b) of the Federal Rules of Civil Procedure demands that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although the party may generally allege malice, intent, knowledge, and other conditions of a person's

mind. Fed. R. Civ. P. 9(b). Rule 9 helps to assure that plaintiffs place defendants on notice of "the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Under Pennsylvania law, "[a] fraud consists in anything calculated to deceive, whether by single act or combination, or by suppression of truth, or a suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture." *Frowen v. Blank* 425 A.2d 412, 415 (Pa. 1981). A cause of action for intentional misrepresentation contains the following elements: (1) a representation, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false, (4) with the intent of misleading another into relying on it, (5) justifiable reliance on the misrepresentation, and (6) the resulting injury was proximately caused by the reliance. *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994).

   Plaintiffs have not responded to Defendant's arguments in favor of dismissal of their "fraud" claim and their complaint contains only one paragraph that possibly suggests they intended to allege fraud. It states:

> By means of their misleading and deceptive conduct, the Defendants [sic] knowingly and intentionally succeeded in concealing the facts giving rise to claims herein. Due to such concealment, Plaintiffs failed to discover their causes of action in a timely basis in the losses incurred.

(Doc. 2 Ex. A ¶ 14.) As an initial matter the court questions whether Plaintiffs, acting *pro se*, intended to allege fraud. Assuming they did, the court finds that they have failed to allege fraud with sufficient particularity. Indeed, Plaintiffs complain of Defendant knowingly concealing facts giving rise to the claim, which they allege caused them to "fail to discover their causes of action in a timely basis." To the contrary, Plaintiffs timely filed their complaint. Plaintiffs do not allege that they

9

relied on this information, that it caused any particular injury, or that they justifiably relied on it.  The court will dismiss Plaintiffs' fraud claim—to the extent they even alleged such a claim.

## IV. Conclusion

For the reasons given above, the court will deny in part and grant in part Defendant's motion to dismiss.  An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 18, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA SUE KEMPSON and CHRISTOPHER L. KEMPSON,**<br><br>        **Plaintiffs**<br><br>        **v.**<br><br>**AMERICAN HONDA MOTOR COMPANY,**<br><br>        **Defendant** | **No. 1:09-CV-0118**<br><br>**JUDGE SYLVIA H. RAMBO** |

## **O R D E R**

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss (Doc. 2) is **GRANTED** in part and **DENIED** in part as follows:

    1) Plaintiffs' fraud claim and gross negligence claim are **DISMISSED**.

    2) Defendant's motion to dismiss (Doc. 2) is **DENIED** in all other respects.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated:  March 18, 2009.